JUSTICE WEBER
dissents as follows:
I — Misuse
Did the District Court err by submitting the affirmative defense of misuse to the jury?
I respectfully dissent on Issue one of the majority opinion. Section 27-1-719, MCA, states that the affirmative defense of “unreasonable misuse” can be used in products liability cases. Unreasonable misuse is defined as “use of a product in a manner that is not reasonably foreseeable by the manufacturer.” T. Traverse, 3d American Law of Products Liability, Foreseeability of Misuse, § 42.8, p. 18 (1987). This is consistent with the contention of National Crane as pointed out in the majority opinion. As further pointed out in the majority opinion, plaintiff contends that while unreasonable misuse is a recognized defense, reasonably foreseeable misuse is not recognized as a defense. Plaintiff contends that in light of the clear foreseeability, this Court should determine as a matter of law that the affirmative defense of misuse should not have been submitted to the jury.
*392 The majority opinion states that “foreseeable misuse is reasonable misuse.” I disagree with that conclusion. The result of the conclusion of the majority opinion is that even though misuse may by its very nature be classed as unreasonable, still if it was foreseeable, then it cannot be classed as unreasonable misuse. I believe that ignores the experience of modem society.
The holding of the majority opinion on this issue is stated as follows:
It being admitted that the alleged misuse of the crane through sideloading was reasonably foreseeable to National Crane, we hold that, as a matter of law, the affirmative defense of unreasonable misuse is unavailable to National Crane.” (Emphasis added.)
A leading treatise on Products liability sets out the facts that the factfinder can consider when trying to determine reasonably foreseeable:
In determining whether the seller should have reasonably anticipated the use to which the product was put, the factfinder may take into account the reasonable use or uses of the product, the ordinary user’s awareness that the use of the product in a certain way is dangerous, the likelihood and probable nature of use of the product by persons of limited knowledge, and the normal environment for the use of the product and the foreseeable risk in such environment, as well as any other evidence that may or may not cause the seller to reasonably anticipate such use. (Emphasis added.)
T. Traverse, 3d American Law of Products Liability, Foreseeability of Misuse, § 42.8, p. 20 (1987). The key aspect of the above quote is that the factfinder is required to sift through the facts and make the determination. I cannot agree with the elimination of the jury as the finder of fact on this critical issue.
In substance the majority opinion concludes that if a defendant acknowledges the foreseeability of the misuse, regardless of how unreasonable such misuse may be, that party may not assert the defense of unreasonable misuse as a matter of law. I disagree with that analysis. The key aspect is that the trier of fact must consider all of the evidence and thereby determine whether or not the misuse was in fact reasonable or unreasonable under all of the circumstances.
Perhaps an analogy will be of some assistance in this analysis. In my analogy, I assume that John Smith has purchased an American automobile which has a capacity to go 100 mph. I further assume that in driving the car at 90 mph he is involved in a high speed accident which results in his death. I next assume that the estate of John *393 Smith brings an action against the automobile manufacturer in which the estate contends that because it was clearly foreseeable that a purchaser of the automobile might drive at the speed of 90 mph, it was negligent as a matter of law for the manufacturer to fail to install a governor which would prevent driving in excess of 75 mph. Would it be appropriate in this analogy for the estate of Smith to contend that the automobile manufacturer cannot use the affirmative defense of unreasonable misuse because the manufacturer could foresee the misuse of the automobile by driving at 90 mph. I would not agree that a district court could conclude as a matter of law that this knowledge bars the manufacturer from presenting the issue of unreasonable misuse to a jury. This analogy has more clearly emphasized to me the importance of allowing the trier of fact to consider all of the facts before reaching a conclusion.
The majority holds that it has been admitted that the alleged misuse of the crane through sideloading was reasonably foreseeable to National Crane and that, as a matter of law, the affirmative defense of unreasonable misuse is unavailable to National Crane. In reaching such a conclusion, the majority has substituted this Court as trier of fact in place of the jury to which that obligation has been given. I would allow any additional evidence bearing upon unreasonable misuse which may be submitted by either party and would allow the jury to determine whether the facts demonstrated an unreasonable misuse on the part of Mr. Lutz.
I would reverse and remand for a new trial.
II — Assumption of Risk Defense.
Did the District Court err in submitting the defense of assumption of the risk to the jury?
While I believe that the issue of assumption of the risk should have been presented to the jury, I disagree totally with the manner in which the court submitted the issue to the jury. What the court did in this instance was create an impossible situation for the defendant. Assumption of risk is a defense to a charge of strict liability. Section 27-1-719, MCA. In order for defendant to prove this defense, it must present evidence at trial of the following:
1. National Crane had to prove that the deceased had subjective knowledge of the product’s defect or that the defect was open and obvious.
2. The deceased voluntarily used the product, and
3. The use of the product was unreasonable.
*394 What the court did in this instance was prevent introduction of any evidence that might have gone to prove what Lutz’s state of understanding about the product actually was. The court did this under the mistaken belief that the evidence was being presented for the purpose of proving negligence. Having forbidden defendant the opportunity to present evidence to prove the above three elements, the court then submitted the issue to the jury.
The majority looks at this situation and holds that because insufficient evidence was presented at trial to prove the above three elements, the court should not have presented the jury with the opportunity to consider the defense. The majority overlooks entirely the real problem and that is the court’s refusal to permit evidence by which National Crane could prove the elements needed to sustain its burden of proving assumption of the risk.
The majority has misapprehended the fine line between negligence and assumption of the risk, that it so precisely defines in its opinion. Negligence requires proof of what any reasonable person would have done under the circumstances. Assumption of the risk needs subjective proof only. What did the deceased know? What did the deceased believe? Any evidence that goes to prove what Lutz knew about the possible risks that he was taking by performing his j ob in the manner he performed his job is pertinent and the court should have permitted the evidence of same. The majority notes the difference between negligence and assumption of the risk, but then proceeds to the conclusion that the evidence that was forbidden was evidence of negligence.
Next, the majority says ‘well, it doesn’t matter anyway because there is no way that National Crane could have proven that critical third element of assumption of the risk’ — that deceased unreasonably misused the product. The majority states that it has already determined in Issue one that sideloading was not unreasonable use because the manufacturer foresaw this use. I reiterate, the issue of whether the deceased was in actuality sideloading is something that the jury should decide.
Again the majority has misapprehended what needs to be proven here. “Reasonableness refers to whether the plaintiff had a reasonable opportunity to elect whether or not to subject himself to the danger.” T. Traverse, 3d Modem Law of Products Liability, Assumption of Risk, § 41:9, p. 18 (1987). For the majority to, here, equate the manufacturer’s foresight with the subjective determination that de *395 ceased made as to the reasonableness of subjecting himself to the risk, is totally erroneous.
What we have here is a circular argument by the majority that eliminates the defense of assumption of the risk. In addition, the trial court gave the following jury instruction on assumption of the risk:
The Defendant has the burden of proving that Gerald Lutz assumed the risk of his injuries. To establish this defense, the Defendant must prove:
1. That Gerald Lutz actually knew before he was injured that the crane cable would touch the power line if the pipe was lifted;
2. That knowing this, Gerald Lutz voluntarily exposed himself to the danger; and
3. That Gerald Lutz unreasonably exposed himself to that danger.
First of all, National Crane had to prove not that Lutz knew that the cable would touch the wire but whether: “the plaintiff does not understand the risk involved in a known situation.”Krueger v. General Motors Corp. (1989), 240 Mont. 266, 276, 783 P.2d 1340, 1347. A “known situation’ would be the activity of sideloading logs in an area where a power line is close. The court cast an improper light on what National Crane had to prove in order to sustain their burden for the defense. There is no way to prove that the deceased had a death wish. But evidence did exist to show that Lutz knew that sideloading in an area where power lines were close was dangerous. There is no way for National Crane to have met the requirement of the instruction as given.
I conclude that the court improperly withheld pertinent evidence concerning assumption of the risk from the jury — but nevertheless proceeded to erroneously instruct the jury on assumption of the risk by throwing an impossible burden on the defendant.
I would hold that the court erred and that the case should be reversed and remanded for new trial on this issue also.